UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                   :              25-MC-490 (JMF)

IN RE APPLICATION OF ASSOCIAÇÃO     :
BRASILEIRA DE INVESTIMENTO, CRÉDITO E   :
CONSUMO FOR AN ORDER SEEKING DISCOVERY  :     MEMORANDUM OPINION
PURSUANT TO 28 U.S.C. § 1782            :      AND ORDER TO SHOW
                                   :               CAUSE
------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

       Associação Brasileira de Investimento, Crédito e Consumo ("ABRAICC") filed an application, pursuant to 28 U.S.C. § 1782(a), for discovery from the Goldman Sachs Group, Inc., and Goldman Sachs & Co. LLC, a subsidiary of Goldman Sachs Inc. (collectively, "Goldman Sachs").  *See* ECF No. 1.  It is well established that "Section 1782 applicants must meet certain 'statutory requirements': (1) the person from whom discovery is sought must reside or be found in the district in which the application was made, (2) the discovery must be 'for use in a foreign proceeding before a foreign tribunal,' and (3) the applicant must be either a foreign tribunal or an 'interested person.'"  *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017) (quoting *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015)).  Even then, Section 1782 "authorizes, but does not require, a federal district court" to grant the application.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

       Here, the parties dispute whether the discovery ABRAICC seeks would be "for use" in a foreign proceeding.  That dispute turns at least in part on whether ABRAICC's claims would be subject to mandatory arbitration in Brazil, as it is well established that Section 1782 may not be used to obtain discovery for use in a private arbitration.  *See, e.g.*, *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633 (2022) ("Private adjudicatory bodies do not fall within § 1782."); *accord In re Guo*, 965 F.3d 96, 107 (2d Cir. 2020).  In support of their respective positions, the parties

submit dueling affidavits from experts on Brazilian law.  *Compare* ECF No. 20 ("Resps.' Mem."), at 12-15, *and* ECF No. 19, *with* ECF No. 21 ("Petr.'s Reply"), at 4-7, *and* ECF No. 23.

In the Court's view, the best way to resolve this battle of the experts is likely to wait and see whether ABRAICC's claims are subject to arbitration in Brazil.  *Cf. In re BonSens.org*, 95 F.4th 75, 81 (2d Cir. 2024) (observing that any inquiry that requires a "battle-by-affidavit of international legal experts is beyond the scope of [a court's] review in the § 1782 context").  To that end, it is inclined to deny ABRAICC's application without prejudice to renewal in the event that it files its claims in Brazilian court *and* that court rules that they may proceed in that forum. No later than **April 7, 2026**, ABRAICC shall show cause in writing, not to exceed **four pages**, why its application should not be dismissed pursuant to those terms.  If ABRAICC fails to show cause by that date, the Court will dismiss the application without prejudice to renewal without further notice.  If ABRAICC does attempt to show cause by the deadline, Goldman Sachs may file a response, not to exceed **four pages**, by **April 17, 2026**.

SO ORDERED.

Dated: March 30, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2